James Wallace, by his attorney, complains of William Clark, Jr., in custody, c., of a plea of trespass with force and arms, and strong hand, for breaking and entering said plaintiff's house, and debauching his daughter Jane Wallace, and getting her with child, to his damage,c.; for this that, whereas the said Clark on the 20th day of December, 1805, and at divers other days and times between that day and the 4th day of February, 1806, then next ensuing, with force and arms, to wit, with swords, staves, and other offensive weapons in the county of ____, made assault on Jane Wallace, spinster, the daughter and then servant of said James, and beat, wounded, and evil treated her, and debauched her, and carnally knew her, and got her with child, whereby the said James lost the comfort and service of his said daughter and servant for a long time, during all the time aforesaid, and was forced to be at great labor and trouble, and to lay out a large sum of money, to wit $200, in maintaining her and taking care of her in the lying-in of the said child, and also upon the several days aforesaid, with force and arms, c., and also upon the several days aforesaid, broke and entered the dwelling-house of said James, and greatly disturbed him in his quiet possession and enjoyment thereof, and did him other injuries, and against the peace of the State, to the *Page 94 
damage of the said plaintiff $1,000, and therefore he brings suit, and these are pledges to prosecute.
Plea, not guilty and issue.
We have proven that this young woman was resident at her father's house, assisting the family, and that she lay in there.
If she appeared in any way to act as a servant, it is sufficient. 2 Esp. N. P. 645. The jury ought to take into view the injury to the feelings of the father and the disgrace of the family.
M'KENNEY, for the defendant, said he should give the moral character of the young woman in evidence, and adduced 2 Hay. 300, per
M'Coy, J.
This cannot be done, nor can we conceive a case, at present, where it were legal to put the whole moral character of a person in issue. So great are the frailties of our nature, that none are perfect.
Every citizen is entitled to the benefit of the laws in the preservation of his life, liberty, property, reputation, and if, in endeavoring to procure redress for injuries, we were to permit evidence of the moral character of an individual in every respect, endless contentions would arise calculated only to mangle the feelings and reputation of individuals. Courts of justice, so far from being a blessing, would, like Pandora's box, no sooner be opened, than innumerable injuries would arise.
The character of an individual, as to particular virtues or vices, may sometimes come directly in issue, but never the entire moral character, composed of an assemblage of virtues or vices.
In the view of repairing the injury done to the father for the loss of services, it is perfectly unimportant whether the young woman was of easy virtue or not. If her morals in this respect have been relaxed, it may, for aught we know, be owing to the defendant. *Page 95 
Should the plaintiff insist for damages done to his feelings and reputation of his family, then it may be proper to inquire into her character as to chastity, but not before.